IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| FRANK KLUSH | : | BANKRUPTCY NO.: 5-04-bk-53625 |
| DEBTOR | : | |
| FRANK KLUSH, | : | {**Nature of Proceeding**: Motion to Avoid Judicial Lien Pursuant to Section 522(f)(1)(A)(Doc. #12)} |
| MOVANT | : | |
| vs. | : | |
| THE PROVIDENT BANK, servicer of PARC LEASING, | : | |
| RESPONDENT | : | |

# **OPINION**[1]

Presently before the Court is a Motion of the Debtor to avoid the lien of Provident Bank. At the time of the hearing, the parties stipulated the value of the residence was $110,000.00 and was subject to two mortgages totaling $82,000.00. The parties further agreed that the judgment lien in question amounted to $8,320.00 and the Debtor selected the federal exemption in the amount of $14,000.00. The lien is against only the Debtor but the real estate is held by the Debtor and his wife as tenancies by the entireties. Under Pennsylvania law, tenancy by the entireties is co-ownership of real property where "each spouse is seised *per tout et non per my, i.e.,* of the whole or the entirety and not of a share, moiety or divisible part." *Johnson v. Johnson*, 908 A.2d 290 (Pa.Super. 2006)

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

[m:\users\cathy\opinions\5-04-bk-53625_Klush.wpd]

*citing In re Gallagher's Estate*, 43 A.2d 132 (Pa. 1945).

The colloquy between the Court and the parties centered around the impact of the non-debtor spouse's interest in the real estate vis-à-vis the avoidance of the subject lien. A collateral issue raised by the Debtor was whether hypothetical future costs of a sale of this real estate can be used in calculating impairment to an exemption. Neither party had researched the issues addressed above and the Court granted each time to file briefs in support of their relative positions. Both parties did file briefs but each party proffered nothing more than a recitation of the facts and their unsupported arguments advanced at the time of the hearing. The Debtor did provide one twist to his Motion to avoid the lien. The Debtor indicated that he intended to amend his schedule of exemptions to claim the state exemptions in order to protect the real estate as tenancy by the entireties. The Debtor concludes in the brief that he should be granted an opportunity to amend his exemptions and file a new motion to avoid the lien.

The Court notes that as of the date of the filing of this Opinion, the docket reflects the Debtor did not amend his exemptions nor file a new motion to avoid the lien. Federal Rule of Bankruptcy Procedure 4003(d) sets no deadline for the filing of a motion to avoid a lien under § 522(f) and the Bankruptcy Code has no statute of limitations addressing these motions. 9 Collier on Bankruptcy, ¶ 4003.RH[1] at 4003-19 (15th ed. rev. 2006). Further, Federal Rule of Bankruptcy Procedure 1009(a) provides generally that a debtor's petition, list, schedule, or statement may be amended as a matter of course at any time before the case is closed. The burden of proving an entitlement to avoid a lien is on the

movant/debtor and the Court finds that on the state of this record, the Debtor has failed to meet that burden. *In re Conner*, 300 B.R. 644 (Bankr. W.D.PA 2003) *citing In re Soost*, 262 B.R. 68 (8th Cir. BAP 2001) and *Premiere Capital Inc. vs. DeCarolis (In re DeCarolis)*, 259 B.R. 467 (1st Cir. BAP 2001).

Based upon the foregoing, the Debtor's Motion to avoid respondent's lien is denied.

An Order will follow.

Date: March 28, 2007            BY THE COURT,

John J. Thomas, Bankruptcy Judge

(CMS)

*This opinion is electronically signed and filed on the same date.*